UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | No. 09 C 1533 |
| v. ) | |
| ) | Senior U. S. District Court Judge |
| ANTHONY PRINCE, ) | George W. Lindberg |
| a/k/a Mark Cox ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

On March 11, 2009, pro se defendant Anthony Prince, a/k/a Mark Cox, filed a motion, pursuant to 28 U.S.C. § 2255, to vacate, correct, or set aside his life sentence. Defendant alleges that (1) his sentence was based on the quantity of drugs distributed, but that a quantity was never determined by the jury that convicted him, violating his right to due process, *see Apprendi v. New Jersey*, 530 U.S. 466 (2000); and (2) the admission at trial of his post-arrest statement taken by police approximately 35 hours after his arrest, but before he appeared before a United States magistrate judge, violated 18 U.S.C. § 3501(c), *see Corley v. United States*, 129 S.Ct. 1558 (2009). For the reasons stated below, defendant's motion to vacate, correct, or set aside his sentence is denied.

Defendant was convicted of violating 21 U.S.C. § 846 for his participation in a large-scale drug trafficking conspiracy. He received a life sentence, and subsequently appealed his conviction and sentence. The Seventh Circuit affirmed the conviction, but vacated the sentence and ordered a limited remand to correct errors not at issue here. *See United States v. Mansoori*, 304 F.3d 635, 677 (7th Cir. 2002) ("*Mansoori I*"). The court specifically rejected defendant's

argument that his sentence should be vacated or modified under *Apprendi* because of the failure of the jury to determine an amount of drugs. *See id* at 657-658. On remand, defendant's life sentence was reimposed, and he again appealed. The Seventh Circuit granted a second limited remand, this time pursuant to *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005), to determine if this court might have sentenced the defendant differently if it had known that the sentencing guidelines were advisory, rather than mandatory, in light of *United States v. Booker*, 543 U.S. 220 (2005). *See United States v. Mansoori*, 480 F.3d 514, 520-521 (7th Cir. 2006) ("*Mansoori II*"). The Seventh Circuit also reiterated its rejection of defendant's argument under *Apprendi*. *See id* at 521-525. On remand, this court stated that it would not have sentenced the defendant any differently. The case returned to the Seventh Circuit, which found defendant's sentence reasonable and affirmed. *See United States v. Mansoori*, 270 Fed.Appx. 439, 440 (7th Cir. 2008) ("*Mansoori III*").

Where the law is unchanged and a defendant raises no new facts, but merely attempts through a Section 2255 motion to re-litigate issues already decided on direct appeal, a court should deny the motion. *See e.g. Peoples v. United States*, 403 F.3d 844, 846 (7th Cir. 2005); *Murchu v. United States*, 926 F.2d 50, 55 (1st Cir. 1991) (stating "issues resolved by a prior appeal will not be reviewed again by way of a 28 U.S.C. § 2255 motion"); *Riascos-Prado v. United States*, 66 F.3d 30, 33-34 (2d Cir. 1995) (refusing to hear even a slightly altered claim because issue was "substantially argued" and decided on direct appeal); *United States v. Webster*, 392 F.3d 787, 791 (5th Cir. 2004) (refusing to hear a constitutional claim).

09 C 1533

Here, all of defendant's first contention and subsequent *Apprendi* arguments were litigated and decided on direct appeal. *See Mansoori I,* 304 F.3d at 657-658; *Mansoori II*, 480 F.3d at 521-525. Therefore, defendant cannot re-litigate his first claim in a Section 2255 motion.

Defendant's second contention was also largely decided on direct appeal. The Seventh Circuit held in *Mansoori I* that defendant's statement made approximately 35 hours after his arrest should have been excluded pursuant to *United States v. Gaines*, 555 F.2d 618, 623-624 (7th Cir. 1977). *See* 304 F.3d at 659-663. However, the court also found that the failure to exclude this statement was harmless error because it was cumulative of a prior statement made within the time period provided by the safe harbor provision of 18 U.S.C. § 3501(c). *See id*. Because the case on which defendant relies does not undermine *Mansoori I*'s conclusion that this error was harmless, *see Corley v. United States*, 129 S.Ct. 1558, 1571 (2009), defendant's argument that his second statement should have been excluded is without merit.

**ORDERED**: Defendant Anthony Prince's motion to vacate, correct, or set aside his sentence [1] is denied.

ENTER:

GEORGE W. LINDBERG
Senior U.S. District Judge

DATED: June 26, 2009

3